**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTINA CANTU, et al.,

Plaintiffs

v.

THOMPSON MICHIE ASSOCIATES, LLC, et al.,

Defendants

Case No.: 2:24-cv-00908-APG-DJA

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

[ECF No. 73]

On October 7, 2026, I conducted a hearing on the plaintiffs' motion for final approval of their settlement. Based on that hearing and the papers submitted in support of the motion, I grant the motion.

I THEREFORE ORDER as follows:

All terms used herein shall have the same meaning as defined in the Settlement unless an alternate meaning is specifically given within this Order.

Consistent with the definitions provided in the Settlement Agreement the Class Members includes "all hourly non-exempt employees who worked for Thompson Michie Associates, LLC (TMA) in Nevada at any time within the period of April 27, 2020, through the date of preliminary approval." The term "Class Member" does not include any person who submitted a timely and valid Request for Exclusion as provided in the Settlement Agreement.

Consistent with the definition in the Settlement Agreement the FLSA Collective or FLSA Collective Members subclass includes "all hourly non-exempt employees who worked for TMA in any State at any time within the period of April 8, 2021, through the date of preliminary approval."

For purposes of the Settlement and this order, the term "Class Period" means April 8, 2022, through the date the court granted preliminary approval of this Settlement. The term "Released Claims" collectively means those claims to be released by the Settlement Class identified in Section III.G.2 of the Settlement Agreement. The term "Class Representative" means plaintiffs Chritina Cantu and Rebekah Svinning. The term "Class Counsel" means Jason Kuller, Esq., and Robert Montes, Jr, Esq. of Rafii & Associates, P.C.

This court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members and FLSA Collective (hereinafter "Class" or "Class Members").

The Notice Packet was distributed to the Class as set forth in the Settlement Agreement. The requirements contained in the Preliminary Approval Order have been completed, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Settlement Agreement. The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and this order.

The Settlement was entered into in good faith. The plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement.

The court hereby approves the Settlement set forth in the Settlement Agreement and finds the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to its terms. The Settlement has been reached as a result of intensive, serious, and non-collusive, arm's-length negotiations. The parties have conducted

extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The court also finds that the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Class is properly certified as a class for settlement purposes only. There were no objections to the Settlement filed prior to or raised by any person on the record at the Final Approval Hearing.

As of the date of this order, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties. In addition, as of the date of this order, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims.

Neither the Settlement nor any of the terms set forth in the Settlement Agreement is an admission by the Released Parties, nor is this order a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties. Neither this order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Stipulation of Settlement is, may be construed as, or may be used as, an admission by or against the Released Parties of any fault, wrongdoing, or liability whatsoever. Notwithstanding these restrictions, any of the Released Parties may file in this Action, or submit in any other proceeding, this order, the Settlement Agreement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

The court retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement.

The court awards Class Counsel attorneys' fees in the amount of $42,000.00 and costs in the amount of $21,225.00, as final payment for and complete satisfaction of all attorneys' fees and costs incurred by or owed to Class Counsel and any other person or entity related to the Action. This award of attorneys' fees and costs will be administered under the terms of the Settlement Agreement, and transferred or made payable to Class Counsel.

The court approves and orders a Service Award to Class Representatives Chritina Cantu and Rebekah Svinning in the total amount of $10,000.00, $5,000.00 to each, to be paid from the Gross Settlement Amount as set forth in the Settlement Agreement.

The court approves and orders payment from the Class Settlement Amount for actual claims administration expenses incurred by the Claims Administrator, $11,500.00, to be paid from the Gross Settlement Amount as set forth in the Stipulation of Settlement.

The court finds that the Settlement Agreement is a fair, reasonable, and adequate compromise of the Released Claims against the Released Parties.

Provided the Settlement becomes effective under the terms of the Settlement Agreement, the court orders the deadline for mailing the court-approved Settlement Awards, attorneys' fees and costs, and Service Awards is as set forth in the Implementation Schedule within the order granting preliminary approval of the settlement. *See* ECF 70.

DATED this 7th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE